UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBRA BATTLEY, ET AL.

VERSUS

GREAT WEST CASUALTY INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NUMBER 14-494-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 12, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBRA BATTLEY, ET AL.

VERSUS

GREAT WEST CASUALTY INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NUMBER 14-494-JJB-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Plaintiffs' Motion to Remand filed by plaintiffs Debra Battley, individually and on behalf of the estate of her deceased husband Wilson Battley Jr., and Wilson Battley III, Eric Battley and Chad Battley, individually and on behalf of the estate of Wilson Battley Jr. Record document number 5. The motion is opposed.[1]

Careful review of the allegations in the plaintiff's Petition for Damages Re: Survival Action and Wrongful Death (hereafter "Petition"),[2] the Plaintiffs' Supplemental and Amended Petition for Damages Re: Survival Action and Wrongful Death (hereafter "Supplemental Petition")[3] and the applicable law supports the conclusion that the removing defendants failed to satisfy their burden of establishing federal question jurisdiction. Therefore,

---

[1] Record document number 7. Plaintiffs filed a reply memorandum. Record document number 14. No other defendant file a response to the Plaintiffs' Motion to Remand.

[2] Record document number 2-1, pp. 3 - 21.

[3] Record document number 2-27, pp. 7 - 13.

the Plaintiffs' Motion to Remand should be granted in part.

## Background

Plaintiffs filed their Petition in state court against numerous defendants, including Kansas City Southern Railway Corporation ("KCSR").[4] In their Petition, the plaintiffs sought damages resulting from an automobile collision involving Wilson Battley, Jr., who died from injuries sustained in the accident. Plaintiffs were granted leave to file their Supplemental Petition joining, among others, KCSR employees Brennan P. Hidalgo and James H. Jollissaint, Jr.[5] (together with KCSR, hereafter the "KCSR defendants"). As to the KSCR defendants, the plaintiffs alleged that Battley could not receive help from emergency responders because the highway leading to the accident was blocked by a KCSR train. Plaintiffs alleged that the emergency responders contacted KCSR and requested it to suspend operations or break the train so that they could get access to the accident scene.[6] Plaintiff alleged that despite the emergency responders' use of lights and sirens while on route to the accident scene, the train's conductor,

---

[4] Record document number 2-1. This defendant is later referred to as the Kansas City Southern Railway Company. See record document number 2-6, The Kansas City Railway Company's Answer and Affirmative Defenses.

[5] Record document number 2-27, pp. 7 - 13; record document number 2-28, Order granting leave.

[6] Record document number 2-1, Petition for Damages, ¶¶ 14, 15.

Hidalgo, and its engineer, Jollisaint, did not attempt to clear the crossing to allow access to the accident scene and the train remained idle on the tracks.[7]

Plaintiffs alleged a state law negligence claim against the KCSR defendants based on the following acts or omissions: 1) having custody and/or control of an unreasonably dangerous condition; 2) unreasonably impeding emergency services; 3) obstructing emergency vehicle responding to an emergency call for an excessive period of time; 4) failing to properly yield to emergency responders who requested a break in the train cars; 5) failing to put in place safety procedures to allow for a break in train cars to allow emergency responders to pass; and, 6) failing to exercise reasonable care and take the appropriate action commensurate with the unique local and dangerous conditions of the railway crossing, which the train crew and other KCSR employees knew or should have known would block access by emergency responders responding to an emergency call.

In the Notice of Removal the KCSR defendants alleged that the court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331. Defendants argued that the plaintiff's state law claim is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 USC § 10101, et seq.,

---

[7] Record document number 2-27, ¶¶ 5, 6 (amending Petition ¶¶ 44, 45).

because such claim is based on an alleged harm caused by the train blocking a crossing. Defendants argued that the ICCTA protects interstate rail transportation against all state regulation and restraints. Because an anti-blocking claim reaches into the area of economic regulation over rail transport, the defendants argued that the claim is preempted by the ICCTA and therefore the federal court has original jurisdiction.

Plaintiffs moved to remand arguing that the KCSR defendants cannot establish federal question jurisdiction. Plaintiffs argued that their negligence claim against the KCSR defendants is not preempted by the ICCTA. Plaintiffs argued that they did not assert a claim based on any Louisiana anti-blocking statute or any other state law that has the effect of managing or governing rail transportation. Plaintiffs argued that their negligence claim is based on the KCSR defendants' failure to move the train in a timely manner after notice that a specific emergency situation existed.

Plaintiff also sought an award of cost and attorney's fees.

**Applicable Law**

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company,* 128 F.3d 919, 921-22 (5th Cir. 1997). To support removal the defendant must locate the basis of federal jurisdiction in the allegations necessary to support the plaintiff's claims, ignoring the defendant's own pleadings and

4

notice of removal. *Gully v. First National Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

Absent jurisdiction under the diversity statute, removal is appropriate only for those claims within the district court's federal question jurisdiction. 28 U.S.C. § 1331. It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of the United States. Ordinarily, determining whether a case arises under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

An exception to the well-pleaded complaint rule arises, however, when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796 (5th Cir. 2011), citing, *Gutierrez v. Flores*,

5

543 F.3d at 252 (5th Cir. 2008). Complete preemption essentially converts a state law claim to a claim "arising under" federal law, thus permitting removal under 28 U.S.C. § 1441, "because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Elam*, 635 F.3d at 803, *citing*, *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008).

KCSR defendants have relied on the ICCTA to establish complete preemption over the plaintiffs' claims. The Fifth Circuit has held that the ICCTA expressly preempts state law tort actions that "fall squarely" under 49 U.S.C. § 10501(b).[8] The Fifth Circuit clarified that state law does not "fall squarely" under § 10501(b) unless it attempts to manage or govern rail transportation in the economic realm. *Elam*, 635 F.3d at 806-7. The Fifth Circuit also recognized

---

[8] Section 10501(b)(b) states as follows:
The jurisdiction of the [Surface Transportation] Board over—
(1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
(2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

the potential for a state law to be impliedly preempted if the law has "the effect of unreasonably burdening or interfering with rail transportation." *Id*. at 805, *citing*, *Franks Inv. Co. LLC v. Union Pacific R. Co.*, 593 F.3d 404, 414 (5th Cir. 2010).

**Costs and Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiff also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

7

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

**Analysis**

The KCSR defendants failed to demonstrate that the plaintiffs' negligence claim equates to state economic regulation of a railroad. Defendants reliance on the holding in *Elam* is misplaced because the facts are readily distinguishable. In *Elam*, the plaintiffs' negligence per se claim was based the defendants' alleged violation of Mississippi's anti-blocking statute which imposed fines for a railroad company's failure to uncouple its cars that obstructed travel on highways after a period of five minutes. The Court held that the statute directly attempted to manage KCSR's switching operations, including decisions as to train speed, length and scheduling, and therefore was completely preempted because it reached into the area of economic regulation. Because the plaintiffs' negligence per se claim was based directly on a violation of this statute, it was completely preempted.

However, in the present case, the plaintiffs' negligence claim

8

is not based upon a violation of any state law, nor does their claim challenge KCSR's general operating procedures.  The issue here is whether, under the specific circumstances alleged in the Petition and Supplemental Petition, the KCSR defendants' refusal or failure to move the train from the crossing was unreasonable, i.e. negligent.  Although the KCSR defendants allegedly blocked the roadway, a decision in this action will not create a general policy prohibiting railroad companies from blocking roadways.  The unique circumstances existing at the time of the accident, e.g. the nature and location of the accident, when the accident occurred, the lack or existence of other possible access routes, the sufficiency of the notice provided to the KCSR defendants, the feasibility of breaking/moving the train at the accident site and the time needed to do so, and any other factors bearing on the reasonableness of the KCSR defendants' failure or refusal to break the train, will all have to be considered in determining whether the KCSR defendants were negligent.

In *Elam*, the Fifth Circuit specifically noted that the ICCTA does not expressly preempt generally applicable state laws that have a mere "remote or incidental effect of rail transportation."[9] A judgment for the plaintiffs based on the circumstances presented in this case would have only an incidental and limited effect on

---

[9] *Elam*, 635 F.3d at 805, *citing*, *Association of Am. R.R. v. S. Coast Air Quality Mgmt. Dist.*, 622 F.3d 1094, 1097 (9th Cir. 2010).

rail transportation, and thus preemption of the plaintiffs' claim under the narrow application of *Elam* is not supported.

With respect to an implied preemption of the plaintiffs' claim, the KCSR defendants failed to provide any substantive argument demonstrating that the effect of judgment in this case could unreasonably burden or interfere with rail transportation.[10] Because, nothing in the Petition or Supplemental Petition directly or impliedly has the effect of managing or governing rail transportation in the economic realm, the ICCTA is inapplicable and federal jurisdiction does not exist.

**Costs and Attorney's Fees**

With respect to an award of costs and attorney's fees, the record supports finding that an award is warranted under § 1447(c). While this case presents unique facts, the jurisdictional issue

---

[10] Defendant's reliance on *Frieberg v. Kansas City Southern Ry. Co.*, 267 F.3d 439 (5th Cir. 2001), is unavailing. *Frieberg* also involved application of an anti-blocking statute and repeated instances of blocking the same road, which allegedly resulted in the failure of the plaintiffs' business. Regarding liability under state common law, the court held that ICCTA preemption cannot be circumvented "where that liability arises from a railroad's economic decisions such as those pertaining to train length, speed or scheduling." Here, the KSCR defendants did not argue that the refusal or failure to break the train was based on, or was the result of, an economic decision pertaining to the train's length or scheduling, or some similar economic consideration. Moreover, the court in *Frieberg* left open the question of "what impact the ICCTA would have upon a state provision pertaining strictly to such traditionally state-controlled safety issues as local law enforcement and emergency vehicle access. That issue remains for another day and may have a substantially different result." *Id.* at 444, n. 18,

based on those facts - ICCTA preemption - was directly raised in the Defendant's Exception of No Cause of Action filed by KCSR in the state court.[11] Defendant KCSR's arguments in support of its exception, and the plaintiffs' arguments in opposition to it, are essentially the same as their arguments made in this court.[12] In a Judgment signed on July 22, 2014, the state court judge denied defendant KCSR's exception.[13] Although the Judgment did not include written findings, the judge necessarily must have rejected the defendant's ICCTA preemption arguments. Nevertheless, the KCSR defendants removed the case on August 8, 2014, making essentially the same arguments that had just been rejected - correctly - by the state court judge. In these circumstances, the KCSR defendants' removal was not objectively reasonable.

Plaintiffs did not submit anything to support an award of a specific amount of expenses incurred as a result of the removal. Based on a review of the plaintiff's motion papers and the record, the amount of $2,000 is reasonable. Not only did the plaintiffs incur the costs related directly to the Plaintiffs' Motion to Remand, they also incurred costs in connection with preparing a 22-page Status Report, which costs would not have been incurred had

---

[11] Record document number 2-15.

[12] *Id.*; record document number 2-19, Opposition to Kansas City Southern Railway Company's Exception of No Cause of Action and Incorporated Memorandum in Support.

[13] Record document number 2-32.

the case not been removed.

## Conclusion

The KCSR defendants have the burden of establishing subject matter jurisdiction. The Petition and Supplemental Petition allege only state law claims which are not preempted by the ICCTA. Thus, the KCSR defendants failed to establish that the court has federal question jurisdiction under 28 U.S.C. § 1331.

Because the KCSR defendants' removal was not objectively reasonable, and the plaintiffs incurred costs which would not have been incurred had the case not been removed, an award of expenses under § 1447(c) is warranted.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be granted.

It is further recommended that the plaintiffs be awarded reasonable expenses incurred as a result of the removal in the amount of $2,000, to be paid by defendants Kansas City Southern Railway Company, Brennan P. Hidalgo and James H. Jollissaint, Jr., within 14 days from the ruling on the Plaintiffs' Motion to Remand.

Baton Rouge, Louisiana, January 12, 2015.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE