UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEBRA BATTLEY, ET AL.

VERSUS

GREAT WEST CASUALTY
INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 14-494-JJB

**RULING**

This matter is before the court for consideration of the Report and Recommendation of United States Magistrate Judge Stephen C. Riedlinger, dated January 12, 2015 (doc. no. 31). Defendants have filed an objection.

Magistrate Judge Riedlinger recommends that plaintiffs' motion to remand be granted and that plaintiffs be awarded expenses in the amount of $2,000. The undersigned approves and adopts the Report and Recommendation. As the magistrate judge properly concludes, plaintiffs' claims are not preempted by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. §10101. Defendants' arguments to the contrary are not persuasive.

The *Elam*[1] case is distinguishable. In *Elam*, Plaintiff alleged negligence per se claim based on Mississippi's anti-blocking statute, which fell within the preemption provision, 49 U.S.C §10501(b). In this case, Plaintiffs do not base their claims on any Louisiana anti-blocking statute but rather on a general negligence theory of defendants unreasonably refusing or failing to move the train from the crossing

---

Elam v. Kansas City Southern Ry. Co., 635 F.3d 796 (5th Cir. 2011).

1

EBR Parish Clerk of Court

under the circumstances of this case. The Magistrate Judge also correctly distinguishes the *Friberg*[2] case stating, "*Friberg* also involved application of an anti-blocking statute and repeated instances of blocking the same road, which allegedly resulted in the failure of the plaintiffs' business. Moreover, the court in *Friberg* left open the question of '**what impact the ICCTA would have upon a state provision pertaining strictly to such traditionally state-controlled safety issues as local law enforcement and emergency vehicle access. That issues remains for another day and may have a substantially different result.**'" (Doc. 31, quoting *Friberg*, 267 F.3d at 444, n. 18).

Additionally, the court finds that the recommendations relative to the attorney fee award should be adopted for the reasons stated in the report.

Accordingly, the motion (doc. 5) to remand is hereby GRANTED and plaintiffs are hereby awarded reasonable expenses incurred as a result of the removal in the amount of $2,000, to be paid by defendants Kansas City Southern Railway Company, Brennan P. Hidalgo and James H. Jollissaint, Jr., within 14 days of this ruling.

Baton Rouge, Louisiana, this 18th day of March, 2015.

JAMES J. BRADY, DISTRICT JUDGE

---

[2] *Frieberg v. Kansas City Southern Ry. Co.*, 267 F.3d 439 (5th Cir. 2001).

EBR Parish Clerk of Court